In re the Marriage of Jon Paul CHASTAIN and Pamela Dawn Chastain,
Jon P. Chastain, Respondent,

v.

Pamela D. CHASTAIN (Kelley), and Department of Social Services, Division of Child Support Enforcement, Appellant.

No. 78611.

Supreme Court of Missouri,
En Banc.

Oct. 22, 1996.

Rehearing Denied Nov. 19, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Evan J. Buchheim, Assistant Attorney General, Jefferson City, for Appellant.

Mark E. Rector, Lebanon, for Respondent.

ROBERTSON, Judge.

█ Do constitutional provisions demanding a separation of powers between the branches of government,[1] authorizing this Court to establish rules of practice, procedure and pleading for all courts,[2] and requiring that administrative decisions be reviewed "in such manner and by such court as the supreme court by rule shall direct"[3] prohibit the General Assembly from authorizing the Division of Child Support Enforcement from initiating a process to modify judicial child support orders? We hold that the authority placed in the Division of Child Support Enforcement to initiate a process to modify judicial child support orders by section 454.496, RSMo 1994, does not offend the constitution. We also hold that the constitution does not permit the General Assembly to require, then pretermit, judicial review of an administrative modification of a child support order if a court fails to approve the administrative order within forty-five days.

## I.

In 1988, the Circuit Court of Laclede County entered an order dissolving the marriage of Jon Chastain (father) and Pamela Kelley (mother), awarded custody of the three minor children to their mother, and required their father to pay child support of $350 each month. In 1990, the court modified the child support order, raising the monthly payment to $500. In 1993, the mother filed an application with the Missouri Division of Child Support Enforcement (the Division) requesting an administrative review and modification of the 1990 child support order. After review, the Division prepared a motion for modification of child support order and notified the father of the proposed modification. The father responded by filing his own motion to modify in the Circuit Court of Laclede County, seeking either custody of the children or a reduction in child support. In addition, the father requested and received an administrative hearing with the Division. The hearing officer entered an administrative order increasing the father's child support obligation to $943 per month.

As required by section 454.496, the Division filed a motion to modify in the Circuit Court of Laclede County following the hearing officer's decision. The father filed a petition for judicial review in the same court, seeking both judicial review of the administrative order and challenging the constitutionality of section 454.496. The trial court declared the statute in violation of article II, section 1; article V, section 5; and article V, section 18, of the Missouri Constitution. The Division appealed. As this case involves the validity of a statute, we have jurisdiction.[4]

## II.

Under section 454.496.1, "any time after the entry of a court order for child support in" cases where support rights have been assigned to the state under section 208.040 or a child support recipient requests support services under section 454.425, the parent paying support, the person to whom support is owed, or the Division may file a motion to modify the existing child support order. Section 454.400.2 requires the director of the Division to review the existing order to de-

---

1. Mo.Const. art. II, section 1.

2. Mo.Const. art. V, section 5.

3. Mo.Const. art. V, section 18.

4. Mo.Const. art. V, section 3.

termine whether modification is appropriate under Rule 88.01 guidelines. If the director believes modification is appropriate, a motion setting forth the reasons for the modification must be served on all the parties.[5] Once the motion is filed, opposing parties have thirty days either to resolve the matter by stipulation, file written objections, or request a hearing. If a hearing is requested, a hearing officer designated by the Department of Social Services conducts a hearing pursuant to Chapter 536, RSMo.[6] Where neither objections nor a request for hearing is timely filed, the Division may enter an order granting modification.[7] Nevertheless,

> an administrative order modifying a court order is not effective until the administrative order is filed with and approved by the court that entered the court order. The court may approve the administrative order if no party affected by the decision has filed a petition for judicial review pursuant to sections 536.100 to 536.140, RSMo. The court shall determine if the administrative order complies with the provisions of supreme court rule 88.01. If it so determines, the court shall make a written finding on the record that the order complies with the provisions of supreme court rule 88.01 and approve the order. If upon review the court finds that the administrative order should not be approved, the court shall set the matter for trial de novo. If no action is taken by the court within forty-five days of the filing the administrative order with the court, and no petition for judicial review has been filed ... the court shall be deemed to have made a written finding that the administrative order complies with the provisions of supreme court rule 88.01 and to have approved the administrative order.[8]

Where a petition for judicial review is filed, the court must set the matter for trial de novo if the court finds the administrative order should not be approved. If, however, the court determines the petition for review lacks merit and the administrative order complies with Rule 88.01, the court must approve the order.[9]

### III.

#### A.

The three constitutional provisions from which the father attacks section 454.496 have a common theme. Each establishes duties in the judicial department that the father claims cannot be exercised by either the legislative or executive departments.

■ Article II, section 1, provides:

> The powers of government shall be divided into three distinct departments—the legislative, executive and judicial—each of which shall be confided to a separate magistracy, and no person, or collection of persons, charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others, except in the instances in this constitution expressly directed or permitted.

This language does not erect an impenetrable wall of separation between the departments of government.[10] Of necessity, there is some overlap between the function of the three departments in the modern administrative state.[11] Article II, section 1, does, however, proscribe the exercise of powers or duties constitutionally assigned to one department by either of the other two.

■ Article V, section 5, authorizes this Court to establish rules "relating to practice, procedure and pleading which shall have the force and effect of law." The constitution does not make this power the exclusive province of the judiciary. The legislature may amend or annul this Court's procedural rules, but may do so only "by a law limited to the

---

5. Section 454.465.5.

6. Section 454.475, RSMo 1994.

7. Section 454.496.2.

8. Section 454.496.6.

9. Section 454.496.7.

10. *Asbury v. Lombardi*, 846 S.W.2d 196, 199 (Mo. banc 1993).

11. *State Tax Commission v. Administrative Hearing Commission*, 641 S.W.2d 69, 74 (Mo. banc 1982).

purpose." [12] No such limited law is at issue in this case.

Article V, section 18, acknowledges that administrative bodies may render final decisions "which are judicial or quasi-judicial." [13] But final administrative decisions "shall be subject to direct review by the courts as provided by law.... [R]eview under this section shall be ... in such manner ... as the supreme court by rule shall direct...." [14] This power to review decisions of separate departments of government—judicial review—is an exclusive power of the judiciary. [15]

The father reads these constitutional provisions together to conclude that modification of a court order by an administrative agency pursuant to section 454.496 allows the Division to go beyond performing judicial functions to performing powers constitutionally reserved to the judiciary. In the father's mind, the authority of the Division to institute a process that leads to modification of a judicial order is tantamount to an exercise of judicial review.

### B.

#### 1.

The authority that the constitution places exclusively in the judicial department has at least two components—judicial review and the power of courts to decide issues and pronounce and enforce judgments. [16] Section 454.496 does not place either of those exclusive judicial functions in the executive department.

First, section 454.496 does not permit the Division to review the trial court's order. Instead, the statute permits the Division to initiate the process that results in modification of the original child support order only if there is a material change in the factual circumstances that formed the basis for the

trial court's order. [17] The Division considers a claim that circumstances have changed and that these new facts remove the current level of child support from conformity with Rule 88.01. This is not judicial review. It is an initial assessment of the current compliance of the child support payment levels with Rule 88.01.

Second, the statute offers the Division no authority to enforce its judgment. Section 454.496.6 expressly states that any orders issued by the Division are not effective unless the orders are approved by the judicial department.

We conclude that section 454.496 does not vest the Division with powers reserved exclusively by the constitution to the judicial department.

#### 2.

This holding does not end our inquiry. The father claims that the provision of section 454.496.6 that "the court shall be deemed to have made a written finding that the administrative order complies with the provisions of supreme court rule 88.01 and to have approved the administrative order" if the court does not act within forty-five days of the filing of the administrative order violates article V, section 18. The Division disagrees and argues that the default provisions of the statute do not preclude judicial review. This is, the Division argues, because a party may file a timely petition for judicial review that will require active review by the courts. The Division claims that the language of article V, section 18—that the decisions of administrative agencies be "subject to" judicial review—does not require active judicial consideration of the matters decided administratively if no party demands such review.

While a party aggrieved by an administrative order may choose to forego judicial review under ordinary circumstances, section 454.496.6 makes judicial review of the Divi-

12. *Id.*

13. *Id.*

14. Art. V., section 18.

15. *Lederer v. Department of Social Services,* 825 S.W.2d 858, 863 (Mo.App.1992).

16. *Percy Kent Bag Co. v. Missouri Commission, Etc.,* 632 S.W.2d 480, 484 (Mo. banc 1982).

17. Section 454.496.5.

sion's orders a condition precedent to the Division's orders taking effect. Judicial review of the Division's order is mandatory under this statutory scheme.

The "quintessential element" of judicial review is the power to make final decisions as to questions of law.[18] Judicial review cannot be conducted by default or assumption. It requires active judicial consideration of the propriety of the actions and decisions of other departments of government. Where a statute makes judicial review mandatory, it cannot also erect a default procedure that assumes judicial approval by the mere passage of time. We hold, therefore, that the default judicial approval provisions of section 454.496.6 violate article V, section 18 of the Missouri Constitution.

■ This conclusion does not necessarily render the entirety of section 454.496 unconstitutional. This is because

[t]he provisions of every statute are severable. If any provision of a statute is found ... to be unconstitutional, the remaining provisions of the statute are valid unless the court finds the valid provisions of the statute are so essentially and inseparably connected with, and so dependent upon, the void provision that it cannot be presumed the legislature would have enacted the valid provisions without the void one; or unless the court finds that the valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.[19]

On review, we do not believe that the forty-five day default approval provision is essential to the review and modification scheme established in section 454.496. Nor do the remaining provisions of the statute depend for their effectiveness on the validity of the forty-five day rule.

We hold, therefore, that the default review provisions of section 495.496.6, while unconstitutional, are severable and that the remaining portions of the statute may stand.

**3.**

The trial court found the statute unconstitutional in its entirety. As a result, it never reached the other issues raised by the father in his petition for review. Nor has the trial court made the statutorily mandated determination as to the whether the Division's order complies with Rule 88.01. We remand this case to the trial court for a determination of the merits of the remaining issues raised in the father's petition for judicial review and the conformity of the Division's modification order to Rule 88.01.

**IV.**

The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

All concur.

---

18. *Asbury,* 846 S.W.2d at 200.

19. Section 1.140, RSMo 1994.