George S. FOWLER, Jr., Respondent,

v.

Carole St. Mard FOWLER, Appellant.

In re the Marriage of Kimberlee David Marshall and Karen L. Marshall. Kimberlee David Marshall (now Dunham), Appellant,

v.

Karen L. Marshall (now Riffel), Respondent.

Nos. 81031, 81070.

Supreme Court of Missouri, En Banc.

Feb. 9, 1999.

Daniel P. Card, II, Alan E. Freed, Clayton, for Appellant in No. 81031.

William Dick Fickle, Platte City, for Appellant in No. 81070.

Christian A. Stiegemeyer, St. Louis, Charles P. Todt, St. Louis, for Respondent in No. 81031.

Jayne A. Pearman, Kansas City, for Respondent in No. 81070.

WILLIAM RAY PRICE, Jr., Judge.

This opinion involves two family court cases. The cases come to us out of the confusion resulting from the unconstitutional attempt of section 487.030 to confer the authority of an article V judge upon court-appointed commissioners.

## I.

### A.

The marriage of Carole St. Mard Fowler and George Fowler was dissolved on January 16, 1991. Mr. Fowler filed a motion to modify on February 5, 1996. A trial was held before a family court commissioner on March 11, 1997, at which time Mrs. Fowler requested findings of fact. The commissioner entered a purported judgment and order on April 8, 1997, but did not include findings of fact. Copies of the "judgment" and order were mailed to the parties on April 18, 1997, along with notice to the parties of their rights to request a hearing with a family court judge pursuant to section 487.030, RSMo. Mrs. Fowler filed timely motions for a rehearing, to amend the judgment, for a new trial, and for findings of fact and conclusions of law. The motions for rehearing and for a new trial were denied. On June 12, 1997, the commissioner issued an amended "judgment" and order that included findings of fact and conclusions of law but was otherwise identical to the April 8, 1997, "judgment" and order. The record fails to indicate when the parties received the amended "judgment" and order, and there is no indication that the parties were notified of their rights to seek a hearing by a family court judge pursuant to section 487.030. On June 25, 1997, Mrs. Fowler filed a timely motion to amend or for a new trial. The June 25 motion did not request a hearing by a judge of the family court. Her motions were denied by the commissioner on July 21, 1997.

Mrs. Fowler filed a notice of appeal on July 30, 1997. On January 9, 1998, without notice or a hearing, a judge of the family court entered a judgment and order adopting the commissioner's judgment and order of April 8, 1997. The judge noted on his judgment and order that no timely motion for rehearing before a judge had been filed. The Court of Appeals, Eastern District held that the family court judge did not have jurisdiction to enter the January 9, 1998, judgment and order since he did so after the notice of appeal was filed. The eastern district concluded that because the judge lacked jurisdiction to enter his judgment, no final appealable judgment existed and the appellate court lacked jurisdiction to hear the appeal. The eastern district based its conclusion on the recent cases of *Slay v. Slay*, 965 S.W.2d 845 (Mo. banc 1998), and *State ex rel. York v. Daugherty*, 969 S.W.2d 223 (Mo. banc 1998). The eastern district determined that the matter presented an issue of general interest and importance and on July 31, 1998, transferred the case to this court pursuant to Rule 83.02.

### B.

Kimberlee David Dunham and Karen Riffel were married on July 24, 1994.[1] They separated in August 1995, and Dunham filed his dissolution of marriage action on October 10, 1995. A purported judgment and decree of dissolution of marriage was issued by a family court commissioner on May 20, 1997. Dunham filed a motion for a hearing by a judge of the family court on June 3, 1997. His motion was denied by a judge of the family court on June 16, 1997. The judge's denial of the motion is titled "order" and provides that "having reviewed the petitioner's request for rehearing by a Judge of family court, said motion is hereby denied." The order is not denominated "judgment" nor is the word "judgment" utilized anywhere within the document or in the entry in the docket sheet.

Dunham filed a notice of appeal on June 27, 1997. On June 23, 1998, the Court of Appeals, Western District of the court of appeals dismissed the appeal for lack of jurisdiction, finding that no final judgment had been entered. The western district reasoned that no final judgment existed because the decree was entered by a commissioner and

---

1. When Dunham and Riffel were married, they took the surname Marshall. The commissioner ordered that Kimberlee David Marshall's surname be changed to Dunham.

because the judge's order was not denominated "judgment" pursuant to Rule 74.01(a). The western district based its decision on *Slay v. Slay*, 965 S.W.2d 845 (Mo. banc 1998), and *State ex rel. York v. Daugherty*, 969 S.W.2d 223 (Mo. banc 1998). This Court granted transfer because the matter presents an issue of general interest and importance.

## II.

In *Slay v. Slay*, 965 S.W.2d 845 (Mo. banc 1998), we held that documents signed by a family court commissioner do not constitute final appealable judgments because they "are not signed by a person selected for office in accordance with and authorized to exercise judicial power by article V of the state constitution." *Slay*, 965 S.W.2d at 845. Shortly after the *Slay* decision, we held in *State ex rel. York v. Daugherty*, 969 S.W.2d 223, 225 (Mo. banc 1998), that any party who fails to challenge the commissioner's "judgment" waives the right to object to that "judgment" and any party who assumes the benefits or burdens of the "judgment" is estopped from attacking it. *Id.* Therefore, as to any such party "the commissioner's findings and recommendations are as conclusive as if entered as the judgment of an article V judge." *Id.*

### A.

In the Fowler case, the family court commissioner entered a "judgment" on April 8, 1997. The commissioner's "judgment" did not constitute a final appealable judgment. *See Slay*, 965 S.W.2d at 845. Had Mrs. Fowler failed to challenge the commissioner's "judgment" and assumed the benefits and burdens of that "judgment," she would have been bound nonetheless. *See Daugherty*, 969 S.W.2d at 225. However, on April 29, 1997, Mrs. Fowler filed a timely motion for a rehearing, to amend, or for a new trial stating that the motion was "pursuant to section 487.030." The filing of that motion makes it clear that Mrs. Fowler did not waive her rights to challenge the commissioner's "judgment," nor did she accept the benefits and burdens of the "judgment."

The relevant portion of section 487.030.2 provides:

The parties to a cause of action heard by a commissioner are entitled to file with the court a motion for a hearing by a judge of the family court either within fifteen days after receiving notice of the findings of the commissioner at the hearing, or within fifteen days after the mailing, or within fifteen days after other service directed by the court.... The judge shall promptly rule on such motion and, in his discretion, may either sustain or deny the motion, and if the motion is sustained, the judge shall set a date for a hearing.... If the motion for rehearing is not ruled on within forty-five days after the motion is filed, it is denied for all purposes....

Section 487.030.2 provides for only one procedure once a party has requested a hearing by a judge, that the party's motion be addressed by an article V judge. Instead, Mrs. Fowler's motion was heard and overruled by the commissioner. The commissioner was not authorized under section 487.030 to address Mrs. Fowler's motion. Because Mrs. Fowler was entitled to have her motion heard by a judge, the subsequent actions taken by the commissioner and the subsequent motions filed by Mrs. Fowler are a nullity. Only the April 8, 1997 "judgment and order" by the commissioner and Mrs. Fowler's motion of April 29, 1997, are operative. This was implicitly recognized by the trial court in its order of January 9, 1998, which ignored all subsequent orders and purported to affirm the commissioner's "judgment" of April 8, 1997.

Admittedly, section 487.030 provides that "[i]f the motion for rehearing is not ruled on within forty-five days after the motion is filed, it is denied for all purposes." The judge in Mrs. Fowler's case failed to rule on her motion within forty-five days after it was filed. However, "judicial review cannot be conducted by default or assumption." *Chastain v. Chastain*, 932 S.W.2d 396, 400 (Mo. banc 1996). As we stated in *Chastain*, "where a statute makes judicial review mandatory, it cannot also erect a default procedure that assumes judicial approval by the mere passage of time." *Id.* Therefore, the portion of section 487.030.2 that allows a judge to deny a motion for rehearing by not

ruling on the motion within forty-five days violates article V, section 18 of the Missouri Constitution.

■ Unfortunately, the January 9, 1998, judgment incorrectly recited that "no timely motion for a (re)hearing before a judge has been filed." Pursuant to section 487.030, Mrs. Fowler was and remains entitled to a ruling on her motion for rehearing by an article V judge. A judgment that fails to dispose of all issues and remedies related to claims presented is not final for purposes of appeal. Rule 74.01; *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995); *Committee for Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994). Therefore, this Court is without jurisdiction and the appeal is dismissed.

### B.

In Dunham's case, the family court judge denied Dunham's motion for a hearing by a judge in a writing denominated "order." The word "judgment" was not utilized anywhere within the writing or in the docket sheet entry. The western district determined that no final appealable judgment existed and dismissed the appeal.

■ "A prerequisite to appellate review is that there be a final judgment." *City of St. Louis v. Hughes*, 950 S.W.2d 850, 852 (Mo.1997). If the trial court's order is not a final judgment, the appellate court lacks jurisdiction and the appeal must be dismissed. *Id.* Rule 74.01(a) defines what constitutes a judgment:

> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. A judgment may be a separate document or included on the docket sheet of the case.

The designation "judgment" must appear as the heading of the writing, within the body of the writing, or in the docket sheet entry, provided it is clear from the writing that the document or entry is being "called" a "judgment" by the trial court. *Hughes*, 950 S.W.2d at 853.

■ Pursuant to Rule 74.01 the order in Dunham's case does not constitute a judgment. *Hughes*, 950 S.W.2d at 853. Therefore, no final appealable judgment exists in Dunham's case and the appeal is dismissed.

All concur.