**STATE of Missouri, ex rel., Norma Jean HARPER, Relator,**

v.

**The Honorable Joseph A. GOEKE, III, Judge of the 21st Judicial Circuit of St. Louis County, Missouri, Respondent.**

**No. ED 76286.**

Missouri Court of Appeals, Eastern District, Writ Division Six.

Aug. 24, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 20, 1999.

Case Transferred to Supreme Court Nov. 23, 1999.

Case Retransferred to Court of Appeals March 21, 2000.

Original Opinion Reinstated March 31, 2000.

description of what constitutes an authorized after-trial motion.

Hilton, Gillespie & Kiesewetter, L.L.C., Bruce F. Hilton and Lawrence G. Gillespie, Kirkwood, attorney for relator.

Nancy Everett, Clayton, for respondent.

MARY K. HOFF, Presiding Judge.

Norma Jean Harper (Relator) filed a Petition for Writ of Mandamus, or, in the alternative, Writ of Prohibition (Writ) challenging the trial court's entry of an Amended Judgment on May 21, 1999 (Amended Judgment), reducing William Roland Harper's (Husband) monthly maintenance to Relator from $1,000 to $150 and reducing the judgment for her attorneys' fees from $1,500 to $1,000. Relator seeks by her Writ to set aside this Amended Judgment and to reinstate the original judgment of February 23, 1999 (Original Judgment). Relator argues the Amended Judgment was entered after the expiration of thirty days from the entry of the Original Judgment, without the filing of a motion for new trial pursuant to Rule 73.01(a)(4), and after Husband filed his notice of appeal to this Court from the Original Judgment.

We find the Original Judgment was a final judgment and as a result, the trial court was without jurisdiction to enter a subsequent judgment altering the parties' rights. The Amended Judgment is set aside as void and the Original Judgment remains in full force and effect. The preliminary order in prohibition is made absolute.

A decree of dissolution regarding Relator and Husband was entered in the family court of St. Louis County and was later modified on May 1, 1997. Pursuant to that modification, Husband was ordered to pay Relator $1000 monthly maintenance. Subsequently, Husband filed a motion to modify and following a hearing on his modification request, the Family Court Commissioner (Commissioner) entered findings and recommendations on February 18, 1999. On February 23, 1999, the Commissioner's findings and recommendations were adopted and confirmed and entered as the judgment of the court by a trial judge, Judge Goeke. Notice of the entry of the court's judgment was mailed to the parties on February 24, 1999. This Original Judgment overruled Husband's motion to modify and further ordered Husband to pay Relator's attorneys $1,500 for attorneys' fees.

On March 11, 1999, Husband filed a Motion for Hearing Before Judge (motion for rehearing), which was never ruled upon. On May 5, 1999, Husband filed his notice of appeal to this Court from the Original Judgment. Subsequently, on May 19, 1999, while Husband's notice of appeal was pending before this Court, the

Commissioner entered an Amended Judgment with new findings and recommendations which were adopted and confirmed and entered as the judgment of the court by Judge Goeke on May 21, 1999. This Amended Judgment decreased Husband's maintenance payments to Relator to $150 per month and his payment to Relator's attorneys for attorneys' fees to $1,000. Relator filed this Writ requesting this Court to order the trial court to set aside and dismiss the Amended Judgment and to reinstate the Original Judgment.

■ Husband argues the Original Judgment is not a final, appealable judgment because Husband's motion for rehearing was never ruled upon. Husband contends because this motion remained pending before the trial court, the trial court retained jurisdiction over the case and could enter a valid subsequent judgment, the Amended Judgment. We disagree.

The case before us is a family court matter heard before a commissioner pursuant to chapter 487, RSMo Cum.Supp. 1998. Rule 129, effective September 1, 1998, governs family court commissioners. Rule 129.01 states, "This Rule 129 shall govern practice and procedures before commissioners hearing juvenile or family law matters pursuant to section 211.025, RSMo, or chapter 487, RSMo." Rule 129.02 further provides, "This Rule 129 is promulgated pursuant to the authority granted this Court by article V, section 5 of the Constitution of Missouri and super-sedes all statutes and existing court rules inconsistent therewith."

Specifically, Rule 129.09(a) states, "After receipt and review of the commissioner's findings and recommendations, the judge shall either adopt, as transmitted, amended or modified, or reject the findings and recommendations of the commissioner." If the judge decides to adopt the commissioner's findings and recommendations, "the judge shall enter a judgment of the court." Rule 129.09(b). Furthermore, Rule 129.13, states the following in relevant part:

(a) Unless waived by the parties in writing, a party to a case or proceeding heard by a commissioner, within fifteen days after the mailing of notice of the filing of the judgment of the court, may file a motion for rehearing by a judge of the court. . . .

(b) The judge shall rule on the motion for rehearing promptly. If the motion for rehearing is not ruled on within forty-five days after the motion is filed, it is overruled for all purposes.[1]

Here, the trial court adopted and confirmed and entered as the judgment of the court the Commissioner's findings and recommendations, the Original Judgment. Husband's motion for rehearing was filed on March 11, 1999, within fifteen days after the notice of the filing of the Original Judgment on February 24, 1999. Although a trial judge never ruled

---

1. Similarly, Section 487.030.2 Cum.Supp. 1998, identical to Cum.Supp.1997, states in relevant part:

2. The parties to a cause of action heard by a commissioner are entitled to file with the court a motion for a hearing by a judge of the family court either within fifteen days after receiving notice of the findings of the commissioner at the hearing, or within fifteen days after the mailing, or within fifteen days after other service directed by the court. . . . *The judge shall promptly rule on such motion and, in his discretion, may either sustain or deny the motion, and if the motion is sustained, the judge shall set a date for a hearing. If the motion for rehearing is not ruled on within forty-five days*

*after the motion is filed, it is denied for all purposes. . . .*
(Emphasis added).

The Missouri Supreme Court, in *Fowler v. Fowler,* 984 S.W.2d 508 (Mo. banc 1999) recently held unconstitutional, "the portion of section 487.030.2 that allows a judge to deny a motion for rehearing by not ruling on the motion within forty-five days." *Id.* at 511–12. However, Rule 129, which makes permissible the judge's denial of a motion for rehearing by the passage of time, was not effective until September 1, 1998 and therefore was inapplicable to *Fowler.* Because Rule 129 was in effect during the relevant period of time involved in the case before us, we apply it here.

on Husband's timely motion for rehearing, subsection (b) of Rule 129.13 treats this motion as "overruled for all purposes" forty-five days after the date the motion was filed.

Therefore, on April 25, 1999, Husband's motion for rehearing was deemed overruled, and the Original Judgment became a final, appealable judgment. As a result, the trial court lacked jurisdiction to enter the Amended Judgment of May 21, 1999.

In addition, in this case, Husband filed his timely notice of appeal from the Original Judgment on May 5, 1999. Rule 81.04(a). We note,

> The filing of an effective notice of appeal ordinarily cuts off the trial court's jurisdiction to exercise any judicial function in the case and vests the jurisdiction in the appellate court. The circuit court effectively no longer has an active case pending on its docket, its jurisdiction being limited to the exercise of ministerial functions provided by statute or rules of procedure.
>
> Once [a]ppellant file[s] his notice of appeal, the trial court los[es] jurisdiction to exercise any further judicial function. . . .

*Jordan v. City of Kansas City*, 972 S.W.2d 319, 323 (Mo.App. W.D.1998) (internal citations omitted). Thus, Husband's timely notice of appeal from the Original Judgment provides an additional basis for the trial court's lack of jurisdiction to enter the Amended Judgment on May 21, 1999.

This Court holds the Amended Judgment set aside as void and the Original Judgment therefore remains in full force and effect. The preliminary order in prohibition is made absolute.[2]

MARY RHODES RUSSELL, C.J. and GARY M. GAERTNER, J., Concur.

---

**2.** Relator's "Motion to Strike [Husband's] Additional Suggestions in Opposition to [Relator's] Petition for Writ of Mandamus and/or Prohibition" is denied.