In the Interest of P.L.O. and
S.K.O., Minor Children.

No. 26582.

Missouri Court of Appeals,
Southern District,
Division Two.

July 7, 2005.

Motion for Rehearing and Transfer to
Supreme Court Denied July 26, 2005.

Application for Transfer Denied
Aug. 30, 2005.

Sherrie L. Hansen, Anderson, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, MO, for respondent Missouri Department of Social Services, Children's Division.

JEFFREY W. BATES, Chief Judge.

■ In November 2002, the juvenile division of the circuit court of Newton County, Missouri, entered a judgment terminating the parental rights of Gloria O. ("Mother") and Ray O. ("Father") with respect to their two minor daughters, P.L.O. and S.K.O. Mother appealed. The Supreme Court of Missouri affirmed the judgment and remanded the case "for assessment of attorneys' fees and costs under section 211.462.4."[1] *In re P.L.O.*, 131 S.W.3d 782, 792 (Mo. banc 2004).

On March 31, 2004, Mother filed a motion asking the trial court to enter an order awarding her attorney $20,547.78 in attorneys' fees and litigation expenses. The Children's Division opposed the request and asked the court to limit the award for attorneys' fees and expenses to $3,500.

On April 22, 2004, the trial court entered an order which states, in pertinent part, as follows:

> I have reviewed the briefs and replies filed to date. I acknowledge counsel has split the time billed and expense fronted in this case. I further acknowledge that this case raised issues which needed to be raised regarding the timing of or lack of various hearings as required by law. However, I also know that the facts of this case were not the best ones to go forward on and that counsel on both sides became somewhat personally vested in pursuing this case. I must also consider the availability of funds from which the ordered payment will come from. Accordingly, I certify that $10,000 is necessary to provide fair compensation and said payment is hereby approved and ordered paid by Children's Division Department of Social Services. The balance of $10,547.78 is ordered paid by the parents of the minor children involved.

On April 26, 2004, Mother filed a motion for reconsideration. The motion asserted that the trial court erred in requiring the parents to pay any part of the attorneys' fees and expenses. The motion also requested that the trial court order the Children's Division to pay the $10,547.78 in attorneys' fees and expenses assessed against the parents.

On May 10, 2004, the trial court entered a "Judgment Order for Attorney Fees and

---

1. All references to statutes are to RSMo (2000). Section 211.462.4 states that "[c]ourt costs shall be paid by the county in which the proceeding is initiated, except that the court may require the agency or person having or receiving legal or actual custody to pay the costs." This statute impliedly authorizes a trial court to award attorneys' fees for appointed counsel as part of the court costs assessed in the case. *In Interest of M.V.*, 775 S.W.2d 262, 265 (Mo.App.1989).

Costs." This order stated, in pertinent part, as follows:

> NOW ON THIS 22nd day of April, 2004, the Court certifies that $10,000 (Ten Thousand Dollars) is necessary to provide fair compensation to attorney Sherrie L. Hansen for representation of the appellant [Mother] on appeal, and that said payment is hereby approved. IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that $10,000.00 (Ten Thousand Dollars) is to be paid to Sherrie L. Hansen by the Children's Division, Department of Social Services. Let execution issue therefor.

As we interpret the May 10th order, the trial judge granted Mother's motion to reconsider insofar as the motion asked the court to rescind its earlier decision that the parents should pay a portion of the attorneys' fees and expenses associated with the appeal. The motion to reconsider was overruled insofar as it sought to have the Children's Division pay Mother's attorney the entire $20,547.78 in attorneys' fees and expenses that had been requested.

On May 24, 2004, the Children's Division filed a motion to set aside the May 10th order on the ground that the $10,000 fee award was excessive. On June 3, 2004, the trial court denied the Children's Division's motion to set aside and the Mother's motion to reconsider. Mother filed her notice of appeal on June 30, 2004.

After the notice of appeal was filed, the Children's Division paid Mother's attorney the $10,000 sum that the trial court had assessed as attorneys' fees and expenses in its order of May 10, 2004. On April 11, 2005, the trial court entered another "Judgment Order for Attorney Fees and Expenses." This order was entered at Mother's request. It states, in pertinent part, as follows:

> NOW ON THIS *11* day of *April,* 2005, the Court hereby orders the parents of the minor children involved to pay $10,547.78 (Ten Thousand Five Hundred Forty Seven Dollars and Seventy Eight Cents) to Sherrie L. Hansen for attorney fees and expenses incurred on appeal to the Missouri Supreme Court. Let execution issue therefor.

In Mother's sole point relied on, she contends the trial court erred in ordering Mother and Father to pay a portion of the attorneys' fees and expenses incurred in connection with their appeal from the judgment terminating their parental rights. We are constrained to dismiss Mother's appeal as moot.

■■■ "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *Duffe v. Zych,* 676 S.W.2d 70, 72 (Mo.App. 1984). Therefore, mootness is a threshold question in any appellate review of a controversy. *State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001). "A question presented to the court for decision which will have no practical effect upon any then existing controversy is moot." *In Interest of N.D.,* 857 S.W.2d 835, 843 (Mo.App.1993). Absent an existing controversy, we should decline to retain jurisdiction and dismiss the appeal. *Brock v. Brock,* 142 S.W.3d 204, 207 (Mo. App.2004); *Promotional Consultants, Inc. v. Logsdon,* 25 S.W.3d 501, 506 (Mo.App. 2000). Since mootness implicates the justiciability of a case, an appellate court may dismiss an appeal for mootness *sua sponte. Armstrong v. Elmore,* 990 S.W.2d 62, 64 (Mo.App.1999).

■■ The underlying action was brought pursuant to the provisions of §§ 211.442–.487, which govern actions to terminate parental rights. The practice and procedure for cases brought in juvenile court pursuant to Chapter 211 is governed by

Rules 110 through 128.[2] Rule 110.01. Rule 120.01.a states that "[a]n appeal shall be allowed as provided by statute." Mother's right to appeal arises from § 211.261, which authorizes a parent to appeal "from any final judgment, order or decree made under the provisions of this chapter <u>which adversely affects him</u>." (Underlining added.) Although the trial court's order of May 10, 2004, assessing attorneys' fees and expenses was entered pursuant to § 211.462.4, the problem is that the order did not adversely affect Mother.

 Mother's sole complaint on appeal is that the trial court erred in ordering Mother to pay a portion of her own attorneys' fees and expenses arising from the first appeal in this case. While the order of April 22, 2004 initially imposed that obligation upon Mother, the judge changed his mind—presumably in response to Mother's motion to reconsider—in the subsequent order entered on May 10, 2004. The only party ordered to pay any attorneys' fees and expenses by the May 10th order was the Children's Division. It did not appeal from the order, and it has already paid the $10,000 due Mother's attorney. In Mother's brief, she acknowledges that "[a] formal order for $10,000 was entered against [Children's Division] and is not a subject of this appeal." Thus, it appears to us as though Mother is attempting to appeal from a nonexistent obligation in order to create a controversy where none exists.[3] Since Children's Division has fully paid the only existing obligation to pay attorneys' fees and expenses in this case, we conclude that Mother's appeal is moot. Consequently, we dismiss her appeal.

PARRISH, P.J., and SHRUM, J., concur.

---

**2.** All references to rules are to the Missouri Court Rules (2005).

**3.** Our impression was strongly reinforced by the fact that the trial court entered another "Judgment Order" on April 11, 2005 requiring Mother and Father to pay $10,547.78 in attorneys' fees and expenses to their attorney. This order was entered at the request of Mother's attorney while the case was on appeal. Once Mother's notice of appeal was filed, however, jurisdiction vested in this Court, and the trial court lost jurisdiction to exercise any judicial function in the case. *State ex rel. Harper v. Goeke,* 12 S.W.3d 717, 720 (Mo.App.1999); *Jordan v. City of Kansas City,* 972 S.W.2d 319, 323 (Mo.App.1998). Accordingly, the April 2005 order was a nullity since the trial court lacked jurisdiction to enter such an order at that time. *See Rodman v. Schrimpf,* 18 S.W.3d 570, 572 (Mo.App. 2000) (holding that the trial court lacked jurisdiction to enter an amended judgment after notice of appeal was filed).