**STATE of Missouri, DEPARTMENT OF SOCIAL SERVICES, Division of family support, Appellants,**

**v.**

**Richard STIPANCICH and Peter Howard IV, Respondents.**

**Nos. WD 67555, WD 67556.**

Missouri Court of Appeals, Western District.

Nov. 20, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kasey Jackson and Doug Noland, Office of Attorney General, Jefferson City, for Appellant.

Richard Stipancich, Kansas City, pro se.

Peter Howard IV, Lexington, pro se.

PAUL M. SPINDEN, Judge.

The State of Missouri and its Department of Social Services, along with the department's Division of Family Support, appeal the circuit court's judgments to dismiss the division's motions to review and to approve the proposed modification of the circuit court's orders that Richard Stipancich and Peter Howard IV pay child support. The State initiated separate appeals of the judgments, but, because the appeals presented the same issue, we consolidated them.

During September 1996, the circuit court entered a judgment of paternity against Stipancich and ordered him to pay $74 each month in child support. During October 1996, the circuit court entered a judgment of paternity against Howard and ordered him to pay $196 each month in child support. Pursuant to Section 454.496.1,[1] the Division of Family Support modified both of these child support orders. No party objected. Pursuant to Section 454.496.6, the State filed motions in the circuit court seeking its review and approval. On September 14, 2006, the circuit court dismissed the motions with prejudice.

■ On appeal, although it asserts it in numerous points, the State asserts only one claim: that the circuit court erred in dismissing its two motions to review and approve. Our standard of review of the circuit court's granting of a motion to dismiss is *de novo*. *Vogt v. Emmons*, 158 S.W.3d 243, 247 (Mo.App.2005). We agree with the State that the circuit court erred, and we, therefore, reverse the circuit court's judgments.

In dismissing the division's motion to modify Howard's child support order, the circuit court declared:

... The State of Missouri initiated the modification procedure pursuant to Section 454.496 RSMo. at the request of [Howard;] however, the State did not file the motion to review and approve as attorney for [Howard]. Furthermore, the State of Missouri previously represented the interests of [the division] in the original cause of action, and[,] therefore, may have a conflict of interest in filing the action at the request of [Howard].

... The motion to review and approve alleges that a modification is appropriate pursuant to Section 452.370 RSMo. The motion to approve does not plead or allege a change in conditions and circumstances pursuant to Section 452.370 RSMo. In reviewing the attachments, the Court finds that the presumed correct child support amount as calculated by the Family Support Division is $151.00 per month, which would be a prima facie showing of a continuing and substantial change in conditions and circumstances pursuant to Section 452.370

---

1. Unless otherwise indicated, all citations to    statutes refer to the 2000 Revised Statutes.

RSMo., in that it is more than a 20% difference from the prior presumed amount of $ 196.00. The Family Support Division is seeking to administratively modify a prior judicial child support order.

... Section 511.350.4 RSMo. provides that no judgment entered by any court of competent jurisdiction may be amended or modified by any administrative agency.

... This Court is without jurisdiction to approve the administrative modification of a prior judgment of this Court.

In dismissing the motion seeking to modify Stipancich's child support, the circuit court made basically the same observations, except it did not find that the State had a conflict of interest.

The State claims that the circuit court dismissed its motions because (1) it lacked jurisdiction under Section 511.350.4, RSMo Supp.2006, (2) the State failed, in accordance with Section 452.370, to allege and to plead a change in conditions justifying a modification of child support, and (3) in the case of the motion to review and to approve the child support payments of Howard, the State had a conflict of interest in filing the action.

The circuit court dismissed the two motions on the ground that, pursuant to Section 511.350.4, it lacked jurisdiction to approve the division's administrative modification of the circuit court's judgments. Whether or not the circuit court dismissed the State's motions on the other two grounds asserted by the State is unclear, but, because the State interpreted the orders in this manner, we will assume, for the sake of argument, that the circuit court did so. The issues for us to resolve, therefore, are whether or not (1) Section 511.350.4 deprived the circuit court of jurisdiction to approve the division's motions, (2) the motions failed to

satisfy a requirement that they plead and allege a change in conditions and circumstances, as required by Section 452.370, and (3) in the case of Howard, the State had a conflict of interest that prevented it from filing the motion.

■ Regarding the first issue-whether or not Section 511.350.4 deprived the circuit court of jurisdiction-the Supreme Court, in *Hansen v. Department of Social Services, Family Support Division*, 226 S.W.3d 137, 142 (Mo. banc 2007), faced the same argument and rejected it.

After a court enters a child support order, the division may file a motion under Section 454.496.1 to modify the child support order. When this motion is filed, the statute grants 30 days to opposing parties in which either to resolve the matter by stipulation or to file a written objection and to request a hearing. If the parties do not object and file a request for a hearing, Section 454.496.2 requires the division to enter an order granting modification. If an opposing party requests a hearing, pursuant to Section 454.496.1, a hearing must be convened pursuant to Section 454.475, which provides that the hearing be conducted pursuant to Chapter 536. Section 454.496.5 provides that a hearing officer will issue an administrative order granting the relief sought if the party requesting modification has met the burden of proving that a modification is appropriate. In either case, Section 454.496.6 mandates that the order will not be effective "until the administrative order is filed with and approved by the court that entered the court order."

In *Hansen*, the Supreme Court noted that it had held in *Chastain v. Chastain*, 932 S.W.2d 396, 399 (Mo. banc 1996), that this statutory scheme was constitutional, and it rejected an argument that Section 454.496 vested the division with powers

reserved exclusively to the judicial department. 226 S.W.3d at 141. The *Chastain* court concluded that Section 454.496 does not provide for the division's reviewing a judicial order. "Instead," the court held, it permits the Division to initiate the process that results in modification of the original child support order only if there is a material change in the factual circumstances that formed the basis for the trial court's order. *Chastain*, 932 S.W.2d at 399. The division's consideration of whether or not circumstances have changed to remove the ordered child support from conformity with Rule 88.01 does not constitute judicial review, the *Chastain* court concluded. *Id.* It merely is an initial assessment of the current compliance of the child support payment levels with Rule 88.01. *Id.*

In *Hansen*, the Supreme Court was faced with another challenge to Section 454.496: whether or not Section 511.350.4, prevents the division from seeking modifications of child support in accordance with Section 454.496. 226 S.W.3d at 142. Section 511.350.4 says, "Notwithstanding any other provision of law, no judgments or decrees entered by any court of competent jurisdiction may be amended or modified by any administrative agency." The Supreme Court held that Section 511.350.4 does not prohibit the division from doing so because it merely codifies the constitutional principle recognized in *Chastain* that an administrative agency cannot unilaterally modify a court decree without encroaching upon the judicial function. *Id.* The *Hansen* court declared that, because Section 454.496 does not permit administrative modification of a court order, the statute does not conflict with Section 511.350.4. *Id.*

The circuit court's conclusion that Section 511.350.4 deprived it of jurisdiction was, therefore, erroneous. We turn to the other grounds for dismissal that the State attributed to the circuit court's judgments.

A second basis for the circuit court's dismissing the State's motions was the State's failure to plead a change in conditions and circumstances as required by Section 452.370. This statute says that "the provisions of any judgment respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." To state a claim for modification of child support in accordance with Section 452.370, therefore, a party seeking modification must plead that a change of circumstances has occurred that is so substantial and continuing as to make the terms of the existing order unreasonable. *Derks v. Surface*, 189 S.W.3d 692, 695 (Mo.App.2006). This requirement, however, does not apply in IV–D cases because of the mandate of Section 452.370.8. Section 452.370.8 says:

Notwithstanding any provision of this section which requires a showing of substantial and continuing change in circumstances, in a IV–D case filed pursuant to this section by the division of child support enforcement as provided in section 454.400, RSMo, the court shall modify a support order in accordance with the guidelines and criteria set forth in supreme court rule 88.01 and any regulations thereunder if the amount in the current order differs from the amount which would be ordered in accordance with such guidelines or regulations.

The State, therefore, was not required to plead facts alleging a substantial and continuing change in circumstances justifying modification of child support. Hence, the circuit court erred in dismissing the motions on that basis.

The circuit court also dismissed the State's motions to review and approve the

proposed modification of the judicial order ordering Howard to pay child support on the ground that the division "may have a conflict of interest in filing the action at the request of [Howard]." "May" is "an auxiliary verb qualifying the meaning of another verb by expressing ability, competency, liberty permission, possibility, probability or contingency." BLACK'S LAW DICTIONARY 979 (6th ed.1990); *Badgley v. Missouri Department of Corrections,* 977 S.W.2d 272, 275 (Mo.App.1998). We conclude from the circuit court's use of "may" that it believed only that the division possibly had a conflict of interest. It did not determine that the division, in fact, had a conflict of interest. Hence, dismissal on this ground would be error.

For these reasons, we reverse the circuit court's judgment. Its dismissal of the State's two motions seeking modification of child support was erroneous.

THOMAS H. NEWTON, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.