STATE of Missouri, ex rel. DEPARTMENT OF SOCIAL SERVICES, Family Support Division, Appellant,

v.

Darlene McDANIEL, Defendant;

Derrick Green, Respondent.

No. WD 68571.

Missouri Court of Appeals, Western District.

April 22, 2008.

LaSandra Morrison, Esq., Kansas City, for Appellant.

Defendant and Respondent, Pro Se.

Before ELLIS, P.J., HARDWICK, DANDURAND, JJ.

JOSEPH P. DANDURAND, Judge.

The Missouri Department of Social Services, Family Support Division appeals the judgment of the Jackson County Circuit Court finding that it lacked jurisdiction to approve the administrative modification of a prior judgment. It contends a Missouri Supreme Court decision handed down after the dismissal resolved any statutory ambiguity and found that jurisdiction was proper. The point is granted, and the judgment is reversed and remanded.

## Facts

In 2003, Derrick Green was adjudicated the natural father of a minor child and was ordered to provide health and dental insurance for the child. Mr. Green was incarcerated at the time. The child's mother is Darlene McDaniel. In 2006, Ms. McDaniel requested that Missouri Department of Social Services, Family Support Division (the Division) initiate the process of child support modification for the child.

Based on this request, the Division initiated the process to modify child support by serving Ms. McDaniel and Mr. Green with a copy of the Motion to Modify and

suggested Form 14. The Division calculated Mr. Green was responsible for providing $156 per month in child support to Ms. McDaniel for the care of the minor child. Neither Ms. McDaniel nor Mr. Green submitted a written objection to the proposed modifications, nor did either party request an administrative hearing.

The Division issued an administrative order that, if approved by the circuit court, would modify the current judicial child support order, and mailed it to the parties. Thereafter, the Division filed with the trial court a Motion to Review and Approve the administrative order. On March 13, 2007, the Commissioner entered a Judgment of Dismissal, finding that the Division was seeking to administratively modify a prior judicial support order, and holding that the trial court was without jurisdiction to approve the modification. It made the following relevant findings:

> The State of Missouri initiated the modification procedure pursuant to Section 454.496 RSMo.
>
> The motion to review and approve alleges that a modification is appropriate pursuant to Section 452.370 RSMo.
>
> The Family Support Division initiated this action with a Motion for Modification of Child Support Order dated May 12, 2006. On August 30, 2006 the Family Support Division issued an order titled Order Modifying Child Support Order wherein the Division established child support of $156.00 per month. The Family Support Division's Motion to Review and Approve filed February 14, 2007, suggests the current proceeding is an administrative modification of a judicial order. Though the prior Findings and Recommendations Judgment and Order of Paternity, Custody and Medical Support dated April 16, 2003 did not establish a child support order it is clear that Movant has proceeded in this matter as a modification of a judicial order. Therefore, the court finds that the Family Support Division is seeking to administratively modify a prior judicial support order.
>
> Section 511.350.4 RSMo. provides that "notwithstanding any other provision of law, no judgments or decrees entered by any court of competent jurisdiction may be amended or modified by any administrative agency."
>
> This Court is without jurisdiction to approve the administrative modification of a prior judgment of this Court.

On March 28, 2007, the Division filed a Motion for Hearing by a Family Court Judge. The request was denied on May 2, 2002, and the findings and recommendations of the Commissioner were adopted as a final judgment. This appeal followed.

### Standard of Review

The appellate court will affirm the judgment in a judge-tried case unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). In reviewing the trial court's judgment, the appellate court must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the trial court's judgment and disregard all evidence and inferences to the contrary. *Durbin v. Durbin,* 226 S.W.3d 876, 878–79 (Mo.App. W.D.2007).

### Analysis

The Division claims the trial court erred in dismissing its motion and finding that it was attempting to administratively modify a prior judicial order in violation of Section 511.350.4. The Division asserts its actions constituted an administrative initiation of a child support modification request, and it was asking the circuit court

to modify its own order. It contends its actions were deemed permissible by *Hansen v. State*, 226 S.W.3d 137 (Mo. banc 2007). The Division is correct that *Hansen*, decided after the trial court's decision in the case *sub judice*, permits the Division's actions.

The Division initiated the modification process pursuant to Section 454.496, which "provides a procedure whereby the Division can seek *judicial* modification of [a child support] order." *Hansen*, 226 S.W.3d at 141. This statutory provision was upheld by the Missouri Supreme Court in *Chastain v. Chastain*, 932 S.W.2d 396 (Mo. banc 1996). After *Chastain* was decided, the 2003 Missouri General Assembly adopted Section 511.350.4, which states:

> 4. Notwithstanding any other provision of law, no judgments or decrees entered by any court of competent jurisdiction may be amended or modified by any administrative agency.

The court in the case *sub judice* found that the Division's actions under Section 454.496 were prohibited by Section 511.350.4. The issue of whether the two statutory provisions were in conflict had not been addressed by an appellate court at the time of the trial court's ruling. On June 26, 2007, after the Division filed this appeal, the Missouri Supreme Court decided *Hansen v. State*, 226 S.W.3d 137 (Mo. banc 2007). In *Hansen*, the court determined the two statutes were not in conflict:

> Ms. Hansen also argues that, even if section 454.496 does not directly violate the separation of powers principle, administrative modifications do violate a statute enacted after *Chastain* was decided providing that "no judgments or decrees entered by any court of competent jurisdiction may be amended or modified by any administrative agency."

Sec. 511.350.4, RSMo Supp.2006. Assuming that the statute is applicable here, it merely codifies the constitutional principle recognized in *Chastain* that an administrative agency cannot unilaterally modify a court decree without encroaching upon the judicial function. For the reasons set out above, section 454.496 does not permit administrative modification of a court order and, therefore, the two statutes do not conflict.

*Id.* at 142. In *State v. Stipancich*, 238 S.W.3d 224, 226–27 (Mo.App. W.D.2007), this court recognized the impact of *Hansen:*

> Regarding the first issue-whether or not Section 511.350.4 deprived the circuit court of jurisdiction-the Supreme Court, in *Hansen v. Department of Social Services, Family Support Division*, 226 S.W.3d 137, 142 (Mo. banc 2007), faced the same argument and rejected it.
>
> After a court enters a child support order, the division may file a motion under Section 454.496.1 to modify the child support order. When this motion is filed, the statute grants 30 days to opposing parties in which either to resolve the matter by stipulation or to file a written objection and to request a hearing. If the parties do not object and file a request for a hearing, Section 454.496.2 requires the division to enter an order granting modification. If an opposing party requests a hearing, pursuant to Section 454.496.1, a hearing must be convened pursuant to Section 454.475, which provides that the hearing be conducted pursuant to Chapter 536. Section 454.496.5 provides that a hearing officer will issue an administrative order granting the relief sought if the party requesting modification has met the burden of proving that a modification is appropriate. In either case, Section 454.496.6 mandates that the order will

not be effective "until the administrative order is filed with and approved by the court that entered the court order."

In *Hansen*, the Supreme Court noted that it had held in *Chastain v. Chastain*, 932 S.W.2d 396, 399 (Mo. banc 1996), that this statutory scheme was constitutional, and it rejected an argument that Section 454.496 vested the division with powers reserved exclusively to the judicial department. 226 S.W.3d at 141. The *Chastain* court concluded that Section 454.496 does not provide for the division's reviewing a judicial order. "Instead," the court held, it permits the Division to initiate the process that results in modification of the original child support order only if there is a material change in the factual circumstances that formed the basis for the trial court's order. *Chastain*, 932 S.W.2d at 399. The division's consideration of whether or not circumstances have changed to remove the ordered child support from conformity with Rule 88.01 does not constitute judicial review, the *Chastain* court concluded. *Id.* It merely is an initial assessment of the current compliance of the child support payment levels with Rule 88.01. *Id.*

In *Hansen*, the Supreme Court was faced with another challenge to Section 454.496: whether or not Section 511.350.4, prevents the division from seeking modifications of child support in accordance with Section 454.496. 226 S.W.3d at 142. Section 511.350.4 says, "Notwithstanding any other provision of law, no judgments or decrees entered by any court of competent jurisdiction may be amended or modified by any administrative agency." The Supreme Court held that Section 511.350.4 does not prohibit the division from doing so because it merely codifies the constitutional principle recognized in *Chastain* that an administrative agency cannot unilaterally modify a court decree without encroaching upon the judicial function. *Id.* The *Hansen* court declared that, because Section 454.496 does not permit administrative modification of a court order, the statute does not conflict with Section 511.350.4. *Id.*

> The circuit court's conclusion that Section 511.350.4 deprived it of jurisdiction was, therefore, erroneous.

*Id.* at 226–27.

Pursuant to *Hansen*, the Division was not able to, nor did it, modify a court order administratively. Instead, the Division was acting to initiate a child support modification process, which would ultimately require review and approval by the court that entered the order. The Division is authorized to initiate the process to modify child support orders under Section 454.496, and Section 511.350.4 is not a bar to that activity.

It bears mentioning that Section 511.350 was revised by the Missouri General Assembly after *Hansen* was decided. The emphasized language was added:

> 4. Notwithstanding any other provision of law, no judgments or decrees entered by any court of competent jurisdiction may be amended or modified by any administrative agency *without the approval of a court of competent jurisdiction.*

> 5. *Notwithstanding subsection 4 of this section or any other law to the contrary, no judgments or decrees entered by any court of competent jurisdiction relating to child support orders may be amended or modified by any administrative agency without the approval of a court of competent jurisdiction.*

§ 511.350. This appears to be legislative confirmation of and concurrence with the *Hansen* decision.

The point is granted.

### Conclusion

The Division is authorized to initiate the process to modify child support orders under Section 454.496, and Section 511.350.4 is not a bar to that activity. The trial court erred in determining it lacked jurisdiction. The judgment of the trial court is reversed,[1] and the matter is remanded for action not inconsistent with this opinion.

All concur.

---

1. After filing its brief, the Division filed a motion asking this court to remand the case back to the Jackson County Circuit Court for ruling consistent with *Hansen*. The motion was taken with the appeal and is mooted by this court's decision.